WESTBROOK et al. v. WARD.

(Supreme Court, Appellate Division, Second Department.   March 10, 1916.)

PROCESS ☞86—SERVICE—NONRESIDENT.

> Plaintiffs, who licensed defendant to manufacture and sell patent medicine under a royalty agreement, filed a complaint seeking an accounting, and demanding that defendant disclose all facts relating to the manufacture and sale of the remedy, and that a clause of the agreement be construed. There was no claim of tortious wrong or breach of contract, plaintiffs merely claiming that they had not received all moneys to which they were entitled. Defendant was a nonresident. *Held* that, as the complaint did not state facts upon which the court could render judgment that defendant be excluded from a vested or contingent interest in or lien upon real or personal property within the state, or that such an interest or lien in favor of either party could be enforced, defined, or limited, process could not be served by publication, under Code Civ. Proc. §§ 438, 439, authorizing that mode of service in specified cases; defendant not being within the jurisdiction and none of his property therein having been attached.

> [Ed. Note.—For other cases, see Process, Cent. Dig. § 100; Dec. Dig. ☞86.]

Appeal from Special Term, Kings County.

Action by Jessie J. K. Westbrook and another, as trustees, against William P. Ward. From an order denying a motion to vacate an order directing service of summons upon defendant by publication, defendant appeals. Order reversed, and motion granted.

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS, and PUTNAM, JJ.

Edwin D. Worcester, of New York City, for appellant.

Joseph A. Burdeau, of New York City, for respondents.

PER CURIAM. The appeal is from an order denying a motion to vacate an order directing the service of the summons upon the defendant by publication. The defendant is not a resident of the state. He appeared specially for the sole purpose of making the motion. No attachment has been issued against the property of the defendant. The demand for judgment is reproduced from the complaint:

> "Wherefore plaintiffs demand judgment as follows:
> "First. That an accounting be had between the parties hereto.
> "Second. That the defendant be compelled to discover and disclose to plaintiffs any and all facts in any way relating to or affecting the manufacture and sale of said Mexican Mustang liniment.
> "Third. That the said clause of said contract, Schedule A, mentioned and set forth in paragraph fifteenth of this complaint, be judicially interpreted and construed.
> "Fourth. That the interest of the plaintiffs under the terms of the contracts set forth herein be defined and enforced.
> "Fifth. That it be adjudged that defendant shall specifically perform said contracts, Schedules A and B, and in default thereof that damages for said default be awarded to plaintiffs.
> "Sixth. That plaintiffs have judgment for any sum or sums of money which may be found due them on an accounting between the parties, or which may be found due them by reason of any neglect or omission on the

part of the defendant in the management of the manufacture and sale of said Mexican Mustang liniment.

"Seventh. That plaintiffs have such other and further and general relief in the premises as to the court may seem just."

The subject-matter is a claim for royalty upon the sales of a proprietary medicine, payments to be made annually. The plaintiffs claim they should have had more money than was remitted to them for the fiscal year ending July, 1914, although they allege in their complaint no tortious wrong or breach of contract. The complaint does not state facts upon which the court could render judgment:

"That the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the state, or that such an interest or lien in favor of either party be enforced, regulated, defined, or limited, or otherwise affecting the title to such property."

The complaint states no cause of action against a nonresident of which the courts of this state could take cognizance without acquiring jurisdiction of his person by his voluntary appearance or by personal service of the summons upon him within the state. Sections 438, 439, Code of Civil Procedure; Pennoyer v. Neff, 95 U. S. 714, 727, 24 L. Ed. 565; Bryan v. University Pub. Co. of N. Y., 112 N. Y. 382, 19 N. E. 825, 2 L. R. A. 638; Ward v. Boyce, 152 N. Y. 191, 196, 46 N. E. 180, 36 L. R. A. 549; Von Hesse v. Mackaye, 55 Hun, 365, 8 N. Y. Supp. 894, affirmed 121 N. Y. 694, 24 N. E. 1099.

The part of the order denying defendant's motion should be reversed, with $10 costs and disbursements, and the defendant's motion granted, with costs.

---

In re BRANN.

In re LEAVITT'S WILL.

(Supreme Court, Appellate Division, First Department. March 3, 1916.)

1. WILLS &575;570—CONSTRUCTION—SPECIFIC LEGACIES—CHANGE OF FORM.

