THEODORE B. HENNENLOTTER, Suing on Behalf of Himself and All Other Stockholders of ROSSIA INSURANCE COMPANY OF PETROGRAD, Respondent, v. CARL F. STURHAHN and Others, Defendants. BORIS KAMENKA and Others, Appellants.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion to vacate service of the summons upon the Rossia Insurance Company of Petrograd by its service upon the Superintendent of Insurance, and the motion to vacate the service of the summons by publication upon Boris Kamenka, Alexander Goutchkoff, Michael Plotnikoff, Alexander Bylinine, Jules Ramseyer, Genforsikrings-Aktieselskabet Rossia (otherwise known as Reinsurance Company " Rossia " of Copenhagen) and the Societe Commerciale & Financiere Caross of Paris, granted, with ten dollars costs. (1) The service of the summons upon the Rossia Insurance Company of Petrograd by serving the same upon the Superintendent of Insurance of the State of New York, whose designation to receive such service by that corporation was unrevoked, was void, it appearing to be the undisputed fact that that corporation was not doing business within the State of New York at the time of said service and had done no business in the State of New York since April 1, 1919, and was in fact non-existent, so far as this State was concerned, since that date; it further appearing that the claim sued upon did not arise out of any transaction of that company with a resident prior to April 1, 1919. (*Chipman, Ltd.,* v. *Jeffery Co.,* 251 U. S. 373; *Riverside Mills* v. *Menefee,* 237 id. 189; *Forrest* v. *Pittsburgh Bridge Co.,* 116 Fed. 357; *Dollar Co.* v. *Canadian C. & F. Co.,* 220 N. Y. 270; *Bagdon* v. *Philadelphia & Reading C. & I. Co.,* 217 id. 432; *Tauza* v. *Susquehanna Coal Co.,* 220 id. 259; *Birch* v. *Mutual Reserve Life Ins. Co.,* 91 App. Div. 384; *Hunter* v. *Mutual Reserve Life Ins. Co.,* 218 U. S. 573.) (2) The order of publication is insufficient in that the complaint and the moving papers do not disclose a *res* within the State. There are no allegations having probative value that the cause of action arose within the State or that there is a specific fund or property within the State. The plaintiff has relied upon the allegations of an affiant who does not have personal knowledge of any such property and who does not disclose that he received his information from individuals having personal knowledge. The existence of a fund owned by the Rossia Insurance Company of America could have been shown by a certificate from the State Superintendent of Insurance if that official had any such fund. Such a certificate would have established the falsity, if any, of the declaration of the officers of that company that it had no such fund or any part of it in the State of New York and that it had no deposits with the Superintendent of Insurance of

the State of New York. The moving papers, therefore, do not show facts upon which jurisdiction may be predicated under section 232, subdivision 6, of the Civil Practice Act.* The action is essentially one *in personam*, which will not support an order of publication or sustain jurisdiction by such means over non-resident individuals or foreign corporations not doing business within the State and having no property therein. (*Westbrook* v. *Ward*, 171 App. Div. 547; *Van Mater* v. *Post*, 147 id. 111; *Hodgens* v. *Columbia Trust ·Co.*, 185 id. 555, 561; *McLaughlin* v. *McLaughlin Real Estate Co.*, *No. 2*, 162 id. 644; *Dimmerling* v. *Andrews*, 236 N. Y. 43, 46.) Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.