IRVING TRUST COMPANY, as Trustee in Bankruptcy of LILLIAN LINCOLN HARDEE, Respondent, *v.* MISS L. BROGAN, INC., a Louisiana Corporation, Appellant, Impleaded with MISS L. BROGAN, INC., a New York Corporation, and Others, Defendants.

First Department, May 1, 1936.

*George A. Ferris* of counsel [*Bartholomew A. Moynahan* and *Solomon Safter* with him on the brief; *Ferris & Moynahan*, attorneys], for the appellant, appearing specially

*George H. Kaplan* of counsel [*Nahum A. Bernstein* with him on the brief; *Edward S. Silver*, attorney], for the respondent.

PER CURIAM. The complaint not only alleges a representative stockholders' action, but also an action in fraud and a third action in conspiracy to defeat creditors. In substance, it claims that all the assets of the Louisiana corporation of which Lillian Lincoln Hardee was the sole stockholder, completely controlling and dominating its affairs, were fraudulently transferred through and by aid of the corporate device of the defendant-appellant and the other defendants to defeat creditors' rights. It is sufficiently alleged that the defendant, the Louisiana corporation, was a necessary party to the fraudulent and pretended transfer, claimed to have been conceived and executed in this State prior to the filing of the certificate of surrender of authority, for the sole and fraudulent purpose of rendering the estate in bankruptcy of Lillian Lincoln Hardee valueless. The cause of action is thus predicated on an obligation or liability claimed to have been incurred in this State by the Louisiana corporation within the construction and definition of paragraph e of subdivision 1 of section 216 of the General Corporation Law. *Hennenlotter* v. *Sturhahn* (223 App. Div. 857) is distinguishable on its facts, especially as there it was strenuously contended that the cause of action did not arise in this State and that the claimed transfer did not take place in this State.

The order appealed from should be affirmed, with twenty dollars costs and disbursements, with leave to the defendant-appellant to answer within twenty days after service of order, upon payment of said costs.

Present — MARTIN, P. J., McAvoy, O'MALLEY, DORE and COHN, JJ.; O'MALLEY and COHN, JJ., dissent and vote to reverse and grant the motion.

O'MALLEY, J. (dissenting). The complaint seeks a recovery for the benefit of the defendant-appellant, a foreign corporation. It is only a nominal defendant. No cause of action is predicated on any obligation or liability incurred within this State by said defendant. (See memorandum decision and points of counsel, *Hennenlotter* v. *Sturhahn*, 223 App. Div. 857.) The corporation had withdrawn its designation pursuant to the provisions of sections 213 and 216 of the General Corporation Law long prior to the commencement of the action. Since no liability or obligation of the foreign corporation is embraced in the complaint the service was invalid.

I, therefore, dissent and vote to reverse the order appealed from and to grant the motion to set aside the service.

COHN, J., concurs.

Order affirmed, with twenty dollars costs and disbursements, with leave to the defendant-appellant to answer within twenty days after service of order, upon payment of said costs.