THE RAILROAD CO-OPERATIVE BUILDING AND LOAN ASSOCIATION, Respondent, v. LEWIS A. COCKS, Appellant; MINNIE SCROBOGNA, Individually and as Executrix, etc., of GEORGE SCROBOGNA, Deceased, and Others, Defendants.— Orders of February 11, 1937, and May 6, 1937, denying defendant's motion to vacate and set aside order of reference, judgment of foreclosure and sale and deficiency judgment, etc., affirmed, without costs. No opinion. Appeal from order of April 6, 1937, which was resettled by the order of May 6, 1937, dismissed. No appeal lies. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.

WILLIAM RAND, Respondent, v. EXECUTIVES HOLDING CORPORATION, Defendant, and FARMERS ESTATES CORPORATION, Appellant.— Order denying motion of defendant Farmers Estates Corporation to dismiss the complaint under rule 106 of the Rules of Civil Practice reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within ten days after the service of the order hereon and the payment of costs allowed herein. The action is to recover on a contract. The facts constituting the breach are not pleaded, and the statements contained in the complaint are not sufficient to constitute allegations that the defendants repudiated the contract in *toto* and refused to be bound thereby or to perform on their part. (*Baby Show Exhibition Co., Inc.*, v. *Crowell Pub. Co.*, 174 App. Div. 368.) Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.

ROSE REINHARDT, Respondent, v. PHILIP LEHMAN, as Receiver of 436 JERSEY CORP., Appellant.— In an action against a receiver in foreclosure to recover for personal injuries sustained by falling ceiling plaster, judgment in favor of plaintiff reversed on the law, with costs, and the complaint dismissed, with costs. The action does not lie against the receiver. (*Woman's Hospital* v. *Loubern Realty Corp.*, 266 N. Y. 123; *Horan* v. *O'Reilly*, 245 App. Div. 761.) Moreover, we are persuaded that the verdict is against the weight of the credible evidence, and even if the receiver were liable in law, there would have to be a reversal and a new trial. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.

ADDISON C. THORNE and Others, on Behalf of Themselves and All Other Stockholders Similarly Situated and on Behalf of BRAND'S RESTAURANT CONTROL CORPORATION, Respondents, v. H. RUSSELL BRAND and Others, Defendants, and BRAND'S RESTAURANT CONTROL CORPORATION, Appellant.— Order denying the motion of defendant Brand's Restaurant Control Corporation to vacate the service of a summons and complaint, made on it by service on the Secretary of State pursuant to section 217 of the General Corporation Law, affirmed, with ten dollars costs and disbursements, on the authority of *Irving Trust Co.* v. *Miss L. Brogan, Inc.* (247 App. Div. 275), with leave to said defendant to answer within ten days from the entry of the order hereon. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.