Cohn, J.
Darien Securities Company, Limited (hereafter called Darien) is a Canadian corporation. Service of summons and verified complaint was made without an order under the claimed authority of section 235 of the Civil Practice Act by delivery of a copy thereof to an appropriate officer of Darien at its office at Montreal, Canada. Appearing specially, Darien moved to vacate the service on the ground that it was not authorized. From the order of the Special Term denying the motion this appeal is taken. The sole question involved is whether such service of process is authorized by section 235 of the Civil Practice Act.
The action is brought by certain minority stockholders of Fuller Building Corporation (hereafter called Fuller), in behalf of themselves and other stockholders similarly situated against Darien, the majority stockholder of Fuller. It is not a stockholder’s derivative action brought in behalf of Fuller. Fuller is not named as a party to the suit. Defendant urges that the action is brought in its present form by plaintiffs so as to circumvent the provisions of section 61-b of the Q-eneral Corporation Law.
Section 235 of the Civil Practice Act authorizes personal service of the summons outside of the State without an order where the cause of action is one of those specified in section 232 of the act. Section 232 specifies three types of actions in which such service may be made but the only one material here is subdivision 2, which reads: “ Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited; or otherwise affecting the title to such property.”
In order to bring a case within section 235 of the Civil Practice Act it is not enough merely to insert in the complaint a prayer for judgment in the terms of subdivision 2 of section ' 232. The complaint itself must also set forth a cause of action in favor of plaintiffs entitling them to such judgment (Ebsary Gypsum Co. v. Ruby, 256 N. Y. 406, 411; Westbrook v. Ward, 171 App. Div. 547, 548). Section 235 does not relieve plaintiffs from the basic requirement of pleading in their complaint a cause of action in their favor specified in section 232. In the Ebsary case (supra) the court (Cardozo, J.), said at pages 410- *581 411: “ The statute (Civ. Prac. Act, § 232) in permitting an order for the publication of a summons requires a complaint with an appropriate prayer for judgment, a prayer for judgment that title to specific property be enforced or determined; but it requires something more. It is not satisfied unless the complaint is ‘ sufficient ’ to justify the prayer (Paget v. Stevens, 143 N. Y. 172; Bryan v. University Pub. Co., [112 N. Y. 382] supra).”
The complaint here alleges that the defendant Darien obtained a second mortgage on property owned by Fuller in New York County in breach of its fiduciary duties as majority stockholder of Fuller and through its control over said corporation obtained for itself a lien position superior to the rights of plaintiffs and all other stockholders of Fuller for the purpose of using said lien position to wipe out the equity of plaintiffs and all other stockholders of Fuller by foreclosure of the past due mortgage lien. By reason of the fact that the defendant used its position of trust to obtain for itself to the exclusion of all other stockholders this superior position, the open second mortgage, the complaint states, is impressed with a trust for the benefit of plaintiffs and all other stockholders of Fuller.
It is also asserted in the complaint that the method by which the assignment of this mortgage was obtained from the National City Bank of New York, as trustee, was in contravention of the provisions of an existing trust indenture made between Fuller and the said trustee, and that by reason thereof the mortgage lien has in effect been paid and that the plaintiffs are entitled to a judgment directing that it be satisfied of record.
Subparagraph (a) of the prayer of the complaint reads as follows: “ Wherefore, plaintiffs demand judgment as follows: (a) Adjudging that the open second mortgage held by defendant Darien has been paid and directing the same be satisfied and discharged of record ”.
Since the complaint states that the mortgaged premises are owned by Fuller, and that the mortgage in question was made by Fuller as mortgagor and Darien as mortgagee, the plaintiffs are strangers to the mortgage and have no interest in the premises on which it is a lien.
If the indebtedness secured by the second mortgage has been paid by Fuller as alleged in the complaint as the ground for the relief specified in said subparagraph (a), then Darien’s failure to execute and deliver to Fuller a satisfaction of the said mortgage is a wrong to Fuller, and not to the plaintiffs individually.
*582 It follows, therefore, that the complaint fails to set forth a cause of action in favor of plaintiffs entitling them to the judgment prayed for in subparagraph (a).
Subparagraph (b) of the prayer of the complaint reads: “(b) The open second mortgage, now held by the defendant Darien, if held to be a valid and subsisting lien, be declared to be impressed with a trust and held by it as trustee for the benefit of all securityholders of defendant Fuller.”
As the grounds for the relief prayed for in subparagraph (b) of the pleading, it is set forth that Darien, the majority stockholder of Fuller, has wrongfully obtained a second mortgage on Fuller’s property, which it threatens to foreclose and thereby to deprive Fuller of the said property and to acquire it for Darien’s own benefit. Clearly such a wrong is primarily a wrong against the corporation itself and not one against the minority stockholders individually.
What has been said in respect of the relief prayed for in subparagraph (a) of the prayer applies equally to the relief prayed for in subparagraph (b). The right to the relief sought in subparagraph (b) is vested in the corporation itself and can only be asserted in an action brought by it or in its behalf. As the present action is brought by the plaintiffs in their own individual right, the complaint fails to set forth a cause of action in favor of plaintiffs entitling them to the judgment prayed for in subparagraph (b). It thus fails to meet the requirements of section 235 of the Civil Practice Act.
Indeed, it is difficult to see on what possible theory a trust could be impressed on the second mortgage for the individual benefit of the stockholders of Fuller. That would involve by-passing the general creditors of the corporation who have a prior right to its assets. Accepting as true the allegations of the complaint that Darien as majority stockholder has improperly acquired a lien on the corporate assets of Fuller, which it threatens to foreclose, thereby wrongfully depriving Fuller of such assets — it would seem obvious that any right of Fuller in respect of such assets must be held by Fuller for +he benefit of its creditors as well as its stockholders. This also demonstrates that the right to the relief sought in sub-paragraph (b) is necessarily vested in the corporation itself and not in its minority stockholders individually.
The order should be reversed, with $20 costs and disbursements to the defendant-appellant and the motion granted.