PAUL J. HEROLD, Plaintiff, *v.* F. REED WILLS et al., Defendants.

Supreme Court, Special Term, New York County, January 29, 1952.

*Lauson H. Stone* and *Henry C. Moses, Jr.,* for General Acceptance Corporation, defendant appearing specially.

*Marvin F. Hartung* for F. Reed Wills and others, defendants.

*Glickman & Levinkind* for plaintiff.

HOFSTADTER, J. In this stockholder's derivative action the corporate defendant for whose benefit the action is brought moves to vacate the service of the summons and complaint upon it. The individual defendants apply for an extension of time to answer or move with respect to the complaint, predicated in the alternate on the granting or denial of the motion to vacate service made by the corporate defendant.

The individual defendants have heretofore moved to dismiss the complaint because of the asserted unreasonable neglect to serve a summons on the corporation, an indispensable defendant. On that motion the individual defendants challenged the

efficacy of the service on the corporate defendant. This motion was denied (*Herold* v. *Wills*, N. Y. L. J., Dec. 18, 1951, p. 1688, col. 6, Greenberg, J.). It is now argued for the corporate defendant that since it was not before the court on the former motion it is not concluded by the decision and, further, that Mr. Justice Greenberg did not purport to pass on the validity of the service on it. Since this contention is not without merit, the question will be treated as not foreclosed by the prior decision.

The corporate defendant, General Acceptance Corporation, is a Pennsylvania corporation which in 1944 qualified to do business as a foreign corporation in the State of New York. On December 23, 1949, it filed a certificate of surrender of its authority in the Department of State, in which it consented that process in any action on any liability incurred within this State before filing the certificate of surrender, might be served on the Secretary of State. Service of the summons in this action was made on the Secretary of State on December 5, 1951. I disregard the service on an officer of General Acceptance Corporation on October 26, 1950, after the surrender of authority, because apparently service on the Secretary of State was then the only valid method of effecting service (*Capello* v. *Union Carbide & Carbon Corp.*, 276 App. Div. 277).

In my opinion the service on the Secretary of State on December 5, 1951, secured jurisdiction over General Acceptance Corporation. Its liability or obligation on which it is sued in this action springs from its duty to sue the officers and directors who have inflicted injury on it (*Thorne* v. *Brand*, 277 N. Y. 212). This liability is incurred at the time of the accrual of its own cause of action against the fiduciaries who have been recreant to their trust (*Lissauer* v. *Brown*, 86 N. Y. S. 2d 35, affd. 262 App. Div. 723, motion for leave to appeal denied 262 App. Div. 743, motion for reargument denied 262 App. Div. 995). The papers on the present motion show clearly that the wrongs complained of in the action occurred in this State before General Acceptance Corporation surrendered its authority. Even if, as urged by the defendants, the complaint itself must show this to validate the service (*see Hexter* v. *Day-Elder Motors Corp.*, 192 App. Div. 394), then the complaint, fairly read, does sufficiently allege the necessary basic facts. Accordingly, the service must be upheld.

There is no merit in the contention that the service on December 5, 1951, violated a stay of this court and the objection to the so-called amendment of the title is too trivial to require comment.

The motion to vacate service is denied. The time of the corporate and of the moving individual defendants to answer is extended until twenty days after service of a copy of the order hereon with notice of entry. Since two other Justices have already restricted the individual defendants to extensions of time within which to answer and they show nothing new, their request for additional time within which to move must be denied.