Mario Pittoni, J,
Plaintiff’s motion for summary judgment is granted.
*501 The plaintiff, a restaurant patron, was seated in a booth eating his lunch when suddenly and without warning a door in back of him crashed down upon him injuring him severely. The defendant gives no explanation of any kind for the accident and relies solely upon its lawyer’s affidavit which argues law but states no facts.
It is true that the plaintiff’s presentation merely gives rise to a permissible inference of negligence under the res ipso loquitur doctrine (George Foltis, Inc., v. City of New York, 287 N. Y. 108; Richardson, Evidence [8th ed.], § 95). However, when as in this case the falling door was completely knocked off its hinges and onto the plaintiff and his table, and there is no explanation offered by the defendant, the conclusion of negligence is inescapable (Di Sabato v. Soffes, 9 A D 2d 297, 300, 301 [1st Dept.]). The proof submitted is sufficient as a matter of law for the court to grant judgment (Nixon v. New York Cent. R. R., 10 A D 2d 870).
Furthermore, the only defense affidavit which was submitted was by the attorney for the defendant, and that is legally insufficient. ‘ ‘ An opposing affidavit by an attorney without personal knowledge of the facts has no probative value and should be disregarded ”. (Di Sabato v. Soffes, supra, p. 300.) The only issue left to be tried is as to damages.