Thomas J.
 

 Malmud
 
 and
 
 Samuel Mezansky
 
 for respondent. I. Appellant’s appeal is not properly before this court since it is not based upon allegations which are in the record on appeal and since it presents issues never considered or passed upon below and concerning which respondent never had an opportunity to either plead or present evidence.
 
 (Persky
 
 v.
 
 Bank of America Nat. Assn.,
 
 261 N. Y. 212;
 
 Rentways, Inc.,
 
 v.
 
 *144
 

 O’Neill Milk & Cream Co.,
 
 308 N. Y. 342;
 
 Gorham
 
 v.
 
 Arons,
 
 306 N. Y. 782;
 
 Troy Auto. Exch.
 
 v.
 
 Home Ins. Co.,
 
 221 N. Y. 58;
 
 Lindlots Realty Corp.
 
 v.
 
 County of Suffolk,
 
 278 N. Y. 45;
 
 Osgood
 
 v.
 
 Toole,
 
 60 N. Y. 475;
 
 Quinlan
 
 v.
 
 Welch,
 
 141 N. Y. 158;
 
 Wells
 
 v.
 
 Fisher,
 
 237 N. Y. 79;
 
 Farr
 
 v.
 
 Newman,
 
 14 N Y 2d 183;
 
 Frank
 
 v.
 
 Carlisle,
 
 283 N. Y. 776;
 
 People ex rel. Morriale
 
 v.
 
 Branham,
 
 292 N. Y. 127.) II. In any event, whether or not this court treats, appellant’s suit as an action for reimbursement brought under paragraph 5 of the Massachusetts decree (as appellant pleaded in its complaint and upon its motion for summary judgment) or as an action on the money judgment provision of paragraph 4 of the Massachusetts decree (as appellant now asserts for the first time), there is no jurisdiction over the person of defendant.
 
 (Capello
 
 v.
 
 Union Carbide & Carbon Corp.,
 
 276 App. Div. 277;
 
 Irving Trust Co.
 
 v.
 
 Miss L. Brogan, Inc.,
 
 247 App. Div. 275;
 
 Thorne
 
 v.
 
 Brand,
 
 277 N. Y. 212;
 
 Herold
 
 v.
 
 Wills,
 
 201 Misc, 114;
 
 Spielberger
 
 v.
 
 Textron, Inc.,
 
 172 F. 2d 85;
 
 Simonson
 
 v.
 
 International Bank,
 
 14 N Y 2d
 
 281; Fidan
 
 v.
 
 Austral Amer. Trading Corp.,
 
 8 Misc 2d 598;
 
 Carlton Props.
 
 v.
 
 328 Props.,
 
 208 Misc. 776;
 
 Antonana
 
 v.
 
 Ore S. S. Corp.,
 
 144 F. Supp. 486;
 
 Weingartner
 
 v.
 
 Northern Whales,
 
 327 Mass. 731;
 
 Lynch
 
 v.
 
 Bailey,
 
 304 N. Y. 669;
 
 Dale Renting Corp.
 
 v.
 
 Bard,
 
 39 Misc 2d 266.) III. In any event, assuming this court has jurisdiction since this suit is not an action on a money judgment, it is barred by the Statute of Limitations.
 
 (Fairbanks
 
 v.
 
 McDonald,
 
 219 Mass. 291;
 
 Malloy
 
 v.
 
 Carroll,
 
 287 Mass. 376;
 
 Johnson
 
 v.
 
 Hazen,
 
 333 Mass. 636;
 
 Beacon Oil Co.
 
 v.
 
 Maniatis,
 
 284 Mass. 574;
 
 City of Boston
 
 v.
 
 Santosuosso,
 
 308 Mass. 202;
 
 Frank
 
 v.
 
 Carlisle,
 
 283 N. Y. 776.) IV. In any event, respondent’s affidavit in opposition to appellant’s motion for summary judgment created issues of fact which bar granting its motion.
 
 (Raymond Car Sales
 
 v.
 
 Motor
 
 Wholesalers, 28 Misc 2d
 
 1; Nix
 
 v.
 
 Low,
 
 165 Misc. 484;
 
 Metzger
 
 v.
 
 Flagstone Rest.,
 
 27 Misc 2d 500.)
 

 Bergan, J.
 

 Defendant is a Delaware corporation which, before March 10, 1956, had been authorized to do business in New York. On that date it filed a certificate of surrender of authority to do business, which, as the statute required (former General' Corporation Law, § 216, now Business Corporation Law, § 1310), included a consent that process in an action
 
 *145
 
 “ upon any liability or obligation incurred within the State of New York ” before the surrender of authority might be served on the Secretary of State.
 

 On October 21, 1953 while defendant was authorized to do business in New York it executed an instrument in this State guaranteeing to plaintiff certain obligations of a third party under a sublease of business property in Massachusetts.
 

 In an action for declaratory judgment instituted February 10, 1956 in Massachusetts by the owner of the property, in which both the plaintiff in this present action, Jay’s Stores, Inc., and this defendant, Ann Lewis Shops, Inc., were parties, a judgment was entered March 1, 1957 determining, among other things, liabilities between the present parties based on the instrument of guarantee made by defendant in New York.
 

 It was during the pendency of this action, on March 15, 1956, that defendant filed the surrender of authority to do business in New York. This is an action on the Massachusetts judgment commenced August 17, 1963 against defendant by service on the Secretary of State. Summary judgment in favor of defendant was granted at Special Term and the Appellate Division affirmed.
 

 In respect of liability between the present parties, the Massachusetts judgment determined in separate paragraphs (a) that Jay’s Stores, Inc. (plaintiff here) should be entitled to “ reimbursement ” from Ann Lewis Shops, Inc. (defendant here) of 40% of any sums which the plaintiff in that action might recover from this plaintiff, Jay’s Stores, Inc.; and (b) that, “ subject to the provisions and conditions of this Decree, there is due” to Jay’s Stores, Inc., from Ann Lewis Shops, Inc., $8,400 and interest of $315 for the period September, 1955 through October, 1956.
 

 This part of the judgment provided additionally that, “ subject to the provisions and conditions of this Decree, the said * * * Ann Lewis Shops, Inc., pay to the defendant Jay’s Stores, Inc., the said sums totaling Bight Thousand Seven Hundred and Fifteen Dollars ($8,715.00) with interest thereon to the date of payment ”.
 

 The basis of the difference between that part of the judgment which adjudicates an amount due to Jay’s Stores, Inc., based on a percentage reimbursement of what that corporation had to pay the owner of the property, and the specific adjudication
 
 *146
 
 of dollar liability in the other part of the judgment, is not fully spelled out in the record before us; but it could be due to a purpose of the Massachusetts court to declare the general frame of liabilities of the parties then before it covering a period to the end of the sublease, which was beyond the date of trial and judgment, and at the same time to fix the actually accrued and computed liabilities of the parties at the time of judgment.
 

 Whether this was the case or not, the judgment specifically determined that $8,715 is due from this defendant to this plaintiff and on its face it should be treated as a judgment “ for a sum of money or directing the payment of a sum of money ’ ’ within section 44 of the former Civil Practice Act in effect when the present action was commenced (August 17, 1963) or as “a money judgment ”, the CPLR provision (211 [b]) in effect since September 1 of that year. As an action on a money judgment the Statute of Limitations would not have run.
 

 The main question in the case, however, is whether, because the contract which the Massachusetts court enforced by its judgment was made by defendant in New York, this action on the Massachusetts judgment is to be deemed an action on a “liability or obligation incurred” by the defendant in Now York.
 

 This, in turn, depends on whether there has been such a merger of the original cause of action upon the obligation concededly incurred in New York and the Massachusetts judgment that the judgment has not only become a full substitute for the underlying cause which it adjudicated, but also that an action to enforce the Massachusetts judgment is no longer to be deemed an action on a liability or obligation incurred in New York.
 

 The New York statute required, as we have noted, when defendant filed its certificate of surrender of authority to do business in New York in 1956, that it designate the Secretary of State as an agent upon whom process could be served in an action based ‘ ‘ upon any liability or obligation incurred ” by it “ within this state before the filing of the certificate of surrender” and jurisdiction of defendant is claimed on the basis of service made in accordance with this article,.
 

 But if the Massachusetts judgment is not deemed to be a liability or obligation incurred within New York no jurisdiction would have been obtained of defendant by the -service of the
 
 *147
 
 Secretary of State. Objection on this ground has been consistently advanced by defendant.
 

 The theory of merger of a judgment and its underlying cause of action, while it has served some other functions, essentially is based on a policy to prevent successive actions on the same cause. Hence it is closely related to the doctrine of
 
 res judicata.
 
 In discussing
 
 res judicata
 
 in
 
 Mutual Life Ins. Co.
 
 v.
 
 Newton
 
 (50 N. J. L. 571) for example, the New Jersey Supreme Oourt noted (p. 577): “If the decree is final, then its result is to merge the original cause of action.”
 

 The basic theory stems back largely from Coke’s pronouncement in
 
 Higgens’s Case
 
 (6 Co. Rep. 44b; 77 Eng. Repr. 320, 321): ‘ ‘ So when a man has a debt on a bond, and by ordinary course of law had judgment thereon, the contract by specialty which is of an inferior nature, is by judgment of law changed into a matter of record, which is of a higher nature * * * If he who recovers may have a new action and a new judgment he may have infinite actions, and infinite judgments ” (see Pirsig, Merger by Judgment, 28 Minn. L. Rev. 419, 425).
 

 But merger by judgment does not destroy all of the identifying characteristics or relationships of the cause of action which the judgment determines; and it seems rather clear that the doctrine was not designed to weaken rights or destroy identities which the prevailing party had in his original cause and which he succeeded in establishing by judgment in his favor. This, then, seems part of the significance of the dictum of Werner, J., in
 
 Walker
 
 v.
 
 Muir
 
 (194 N. Y. 420, 423) that “ a judgment is merely the old debt in a new form ’ ’, a statement which has been widely quoted (see, e.g., 2 Black, Judgments [2d ed.], p. 1027, § 678).
 

 A case which may be analogized in principle to the one before us is
 
 Wyman
 
 v.
 
 Mitchell
 
 (1 Cow. 316 [1823]) where judgment on a Massachusetts judgment was granted for the plaintiff against defendant’s plea that he had been discharged by the New York insolvency act of April, 1813. The Massachusetts action was based on notes found to have been executed by defendant before the 1813 act; but the Massachusetts judgment was entered in November, 1814 after passage of the act.
 

 Among other questions it was determined that the court could inquire into the time at which the notes which had been the subject of the Massachusetts judgment had been actually made,
 
 *148
 
 to determine whether they had been discharged, and in this aspect of the case, Sutherland, J., writing one of the two opinions in the Supreme Court noted (p. 321) : “ But-1 sec no objection, in principle, to permitting an inquiry into the time of making the agreement, or contract, upon which the first judgment was founded, for (lie purpose of taking the case -out of the operation of the, defendant’s discharge.”
 

 A number of decisions in New York arising from bankruptcy are to the effect that a judgment is not a "new debt ” separate from the debt on which it was based. (See, e.g.,
 
 Monroe
 
 v.
 
 Upton,
 
 50 N. Y. 593, 597;
 
 Clark
 
 v.
 
 Rowling,
 
 3 N. Y. 216;
 
 Dresser
 
 v.
 
 Brooks,
 
 3 Barb. 429.)
 

 That the court will as a matter of course examine the basis of a judgment in another State to determine its enforcibility and effect in New York is made clear in
 
 Matter of Williams
 
 (208 N. Y. 32). There decedent’s former wife had obtained a judgment of divorce against him in South Dakota and a substantial money judgment for alimony. In an action on that judgment in New York a judgment was entered in favor of the wife for the amount due under the South Dakota judgment. The decedent thereafter filed a petition in bankruptcy, listed the New York judgment as a debt, and was discharged. Upon his death the former wife presented a claim based on the New York judgment, which was described as
 
 “
 
 being in the nature of a judgment for alimony ’ ’.
 

 The Surrogate disallowed the claim; the Appellate Division reversed and this court affirmed the Appellate Division saying, per Chase, J., that ‘ ‘ the recovery of the judgment in this state was not a discharge of the South Dakota judgment and it was not merged in the judgment so recovered in this state ” (p. 36).
 

 Thus, the court examined, and its decision turned upon, the nature of the cause which was the basis of the underlying foreign judgment. See, also, as to the lien of an attorney as affected by a later judgment
 
 American Auto. Ins. Co.
 
 v.
 
 Niebuhr
 
 (124 N. J. Eq. 372).
 

 In the leading case of
 
 Wisconsin
 
 v.
 
 Pelican Ins. Co.
 
 (127 U. S. 265), dealing with the jurisdiction of the Supreme Court in actions by a State against a private person, the court inquired into the nature of the cause of action which underlay the
 
 *149
 
 judgment which Wisconsin had obtained against a private corporation and on which judgment it sued in an original action in the Supreme Court which examined behind the judgment into the nature of the original cause.
 

 Justice G-bay, writing for the court, noted (pp. 292-293): “ The essential nature and real foundation of a cause of action are not changed b.y recovering judgment upon it; and the technical rules, which regard the original claim as merged in the judgment, and the judgment as implying a promise by the defendant to pay it, do not preclude a court, to which a judgment is presented for affirmative action * * * from ascertaining whether the claim is really one of such a nature that the court is authorized to enforce it.”
 

 The limitations which these decisions suggest on the operation of the doctrine of merger are of general application. (See 50 C. J. S., Judgments, § 599, where it is noted on sufficiently representative authority that the doctrine of merger will not be
 
 “
 
 carried any further than the ends of justice require ” and that a judgment does not
 
 ‘ ‘
 
 change the essential nature and real foundation of the cause of action”. See, also, 2 Freeman, Judgments [5th ed.], p. 1172, § 550, to the same effect that “ [T]he essential nature of the cause of action remains the same”; and Black, Judgments, cited
 
 supra.)
 

 This direction of decisional law would seem to require that this action on the Massachusetts judgment be treated as an action ‘ ‘ upon ” a “ liability or obligation ’ ’ incurred within this State before the surrender of authority, since the Massachusetts judgment was based on such a liability and its characteristics in this respect survive the adjudication which it formalizes.
 

 Hence the service on the Secretary of State was sufficient to acquire jurisdiction of the defendant under the terms of its surrender of authority and of the statute which governed the surrender.
 

 The complaint in this action asked judgment in the sum of $10,200, which was based on a projection of the 40% computation stated in one part of the Massachusetts judgment, rather than $8,715 found to be due plaintiff in the other part of the judgment. Plaintiff moved at Special Term for summary judgment
 
 *150
 
 on the full $10,200 stated in the complaint and, on defendant’s opposition to this, the court at Special Term granted summary judgment for the defendant dismissing the complaint.
 

 Defendant would be correct that, as to the full amount demanded in the complaint and by plaintiff on summary judgment, there would be triable issues as to the scope of the Massachusetts judgment and it would be doubtful in any case if, beyond the $8,715, the Massachusetts judgment was a judgment for “ a sum of money” entitled to the long Statute of Limitations. But in this court plaintiff limits its argument for relief to the specific amount stated in the Massachusetts judgment and this is sufficiently within the frame of the complaint and the motion for summary judgment.
 

 The order should be reversed and summary judgment granted to plaintiff for $8,715, with costs in all courts.
 

 Chief Judge Desmond and Judges Dye, Fold, Van Voorhis, Burke and Scileppi concur.
 

 Order reversed, with costs in all courts, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.