■ ARTHUR L. MUNN, Respondent, v. SECURITY CONTROLS, INC. (NEW YORK CORP.), Defendant, SECURITY CONTROLS, INC. (DELAWARE CORP.), Appellant.— Order insofar as it denied motion to dismiss the second cause of action in the amended complaint (CPLR 3211, subd. [a], par. 5) unanimously reversed, and motion granted, and order otherwise affirmed, without costs of this appeal to any party. Memorandum: In 1956 appellant (a Delaware corporation) sold to plaintiff's employer an electronic safety device. Plaintiff claims that in

1961 he was injured as a result of the malfunctioning of the device. This action was commenced in July, 1962 against the nonappealing defendant (a New York corporation). The original complaint alleged two causes of action — one for common-law negligence and the second for breach of implied warranty of merchantability and fitness of the device. In December, 1963 plaintiff obtained an order permitting service of an amended and supplemental complaint against appellant. This pleading realleged the same two causes of action. Appellant moved to dismiss the second cause upon the ground, among others, that it was barred by the Statute of Limitations (CPLR 213). It was error to deny the motion. A cause of action for breach of warranty of quality and fitness accrues at the time of sale and may not be "stretched by implication into a specific promise enforcible" at some future date beyond the period of six years. (Cf. *Citizens Utilities Co.* v. *American Locomotive Co.*, 11 N Y 2d 409, 417.) We agree, however, with the conclusion of Special Term that the court acquired personal jurisdiction of appellant. While the latter in June, 1958 executed a surrender of its authority to do business in this State (General Corporation Law, § 216), it thereafter, by the provision of subdivision 2 of the same section, continued to be amenable to process "in an action upon any liability or obligation incurred within this state before the filing of such certificate". We do not attempt to pass upon all facets of the remaining cause of action for negligence but it is alleged in the amended pleading that appellant was negligent in the design, construction and installation of the safety control system. This occurred before the date of appellant's surrender of authority to do business in this State. The fact that the injury to plaintiff postdated such surrender is not determinative. (Cf. *Jay's Stores* v. *Ann Lewis Shops*, 15 N Y 2d 141.) (Appeal from Order of Erie Special Term, denying motion to dismiss negligence cause of action and to dismiss breach of warranty cause of action.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.