**Lloyd M. SEVITS, Plaintiff,**

v.

**McKIERNAN–TERRY CORPORATION (NEW JERSEY), M. T. Liquidation Corporation, Litton Systems, Inc., Litton Industries, Inc., Defendants.**

**LITTON SYSTEMS, INC., Defendant and Third-Party Plaintiff,**

v.

**UNITED STATES of America, Third-Party Defendant.**

**LITTON INDUSTRIES, INC., Defendant and Third-Party Plaintiff,**

v.

**M. T. LIQUIDATION CORPORATION, McKiernan-Terry Corporation (New Jersey), United States of America, Third-Party Defendants.**

No. 65 Civ. 1804.

United States District Court
S. D. New York.
July 14, 1967.

888

See also D.C., 264 F.Supp. 810.

Skadden, Arps, Slate, Meagher & Flom, New York City, for defendants McKiernan-Terry Corp. (New Jersey) and M. T. Liquidation Corp., William R. Meagher, Barry H. Garfinkel, Blaine V. Fogg, New York City, of counsel.

Lilly, Sullivan & Purcell, New York City, for plaintiff, George W. Sullivan, New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for defendant Litton Systems, Inc., Philip D. Pakula, W. Wright Danenbarger, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., Louis E. Greco, Atty. in Charge, Admiralty and Shipping Section, Dept. of Justice, New York City, for third-party defendant, Philip A. Berns, New York City, of counsel.

## OPINION

BRYAN, District Judge:

This is a diversity action to recover damages for personal injuries.

Plaintiff was seriously injured on August 19, 1963, while serving in the United States Navy aboard the aircraft carrier U.S.S. Constellation when he was struck in the legs by an arresting cable used for landing planes. Plaintiff alleges that the cable came loose due to the failure of an arresting engine or brake manufactured by the McKiernan-Terry defendants. The amended complaint asserts two claims for relief based upon negligence, and one claim for breach of warranty.[1]

Two groups of defendants are involved. The McKiernan group consists of the McKiernan-Terry Corporation (New Jersey) and M. T. Liquidation Corporation. The Litton group consists of Litton Industries, Inc., a Delaware corporation, and its subsidiary Litton Systems, Inc., a Maryland corporation.

It is undisputed that the arresting engine involved was manufactured by McKiernan-Terry Corporation (New Jersey) during 1958. In September 1962, McKiernan-Terry (New Jersey) changed its name to M. T. Liquidation Corporation and sold its assets to the Radcom Division of Litton Industries in return for Litton stock. In February 1963, the Radcom Division of Litton Industries was merged into Litton Systems, Inc. The issue between the Litton and Mc-Kiernan defendants, then, is whether Litton assumed this type of liability when it purchased McKiernan's assets

in 1962. To resolve this issue a variety of procedural techniques have been employed. Litton Systems, Inc. has cross-claimed in this action against the Mc-Kiernan defendants. Litton Industries, Inc. has filed a third party complaint and impleaded the McKiernan defendants. The McKiernan defendants (through M. T. Liquidation) have commenced an action for declaratory judgment against Litton Industries in the District Court of New Jersey. Litton Systems has also filed a third party complaint and impleaded the United States.

The McKiernan defendants have now moved to dismiss the action in this court for want of personal jurisdiction and improper venue. Rule 12(b), F.R.Civ.P. An earlier motion by defendants for this relief was held in abeyance pending discovery on the issue of jurisdiction by plaintiff. When the present motion was returned in November, 1966, I allowed plaintiff further time to complete his jurisdictional discovery. The motions were finally argued before me on April 12, 1967.

Both motions seek to quash various alleged services of process for want of personal jurisdiction. By now plaintiff seems to have served defendants in every conceivable manner and I will assume that all methods of service to acquire personal jurisdiction have been invoked. Thus the question presently before me is whether plaintiff can obtain jurisdiction in this district on any basis.

In seeking to satisfy his burden of establishing jurisdiction, e. g., McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936), plaintiff makes two principal contentions. He urges first that at the time the arresting engine was manufactured the McKiernan defendants were doing business in New York pursuant to authority obtained from the state and

---

1. Plaintiff has commenced two other actions for similar relief to protect his rights. The first, in the District Court of New Jersey is against only the McKiernan defendants. In that action, Mc-Kiernan has filed a third party complaint and impleaded the United States. Plaintiff commenced a second action in the District Court of Delaware which is not being actively prosecuted.

consequently are amenable to service on that basis; and second, that the McKiernan defendants transacted business in New York out of which the present claim for relief arose. N.Y.C.P.L.R. § 302(a) (1).

Defendants concede that McKiernan-Terry (New Jersey) was doing business in New York pursuant to authority obtained under then General Corporation Law § 210 (now Business Corporation Law § 1304, McKinney's Consol.Laws, c. 4) until September of 1962. While operating under that authority, of course, the defendants were amenable to suit in New York for all purposes. N.Y. Gen.Corp.Law § 225 (now Bus.Corp.Law § 1314(b) (5)). On September 20, 1962 McKiernan surrendered its certificate of authority to do business to the New York Secretary of State. Pursuant to N.Y.Gen.Corp.Law § 216 (now Bus.Corp. Law § 1310) paragraph 4 of the certificate of surrender provides that McKiernan consents to service of process against it in any subsequent "action or proceeding upon any liability or obligation incurred within the State of New York before the filing of this certificate."

■ Service here can be based upon McKiernan's certificate of authority only if plaintiff's claim is upon a liability incurred in New York before September 20, 1962. See Jay's Stores, Inc. v. Ann Lewis Shops, Inc., 15 N.Y.2d 141, 256 N.Y.S.2d 600, 204 N.E.2d 638 (1965). The complaint asserts claims based upon negligence in design and manufacture, and breach of warranty. The arresting engine involved here was manufactured in 1958 and installed some time thereafter. Thus, the complaint is based upon claims for liability "incurred" before September 20, 1962. Munn v. Security Controls, Inc., 23 A.D.2d 813, 258 N.Y.S. 2d 475 (4th Dept. 1965).

■ The next question is whether defendant's liability, if any, was "incurred" in New York. I hold that it was not. The arresting engine was manufactured in New Jersey, shipped by the McKier-nan defendants to the Navy in Pennsylvania, and installed by the Navy in New York. In their depositions defendant's officers deny that McKiernan had any control over installation, or inspected or maintained the arresting engine after it left their New Jersey plant and there is no evidence to the contrary. In Singer v. Walker, 15 N.Y.2d 443, 464–467, 261 N.Y.S.2d 8, 24–27 (1965), the New York Court of Appeals ruled that the tort of negligent manufacture was committed at the place of manufacture and not within this state. The same reasoning applies to a non-purchaser's claim of breach of warranty, which is factually indistinguishable from the claim of negligent design and manufacture.

Moreover, it is clear that the liability or obligation at suit does not flow out of activities carried on in New York by the McKiernan defendants when they were authorized to do business here. Compare Antonana v. Ore S.S. Corp., 144 F.Supp. 486 (S.D.N.Y.1956); Carlton Properties, Inc. v. 328 Properties, Inc., 208 Misc. 776, 143 N.Y.S.2d 140 (Sup.Ct. 1955). Thus, plaintiff cannot base jurisdiction upon the surrendered certificate of authority.

■ Nor has plaintiff established jurisdiction under C.P.L.R. § 302(a) (1). That section requires that the claim for relief arise out of business transacted in New York. Singer v. Walker, 15 N.Y.2d 443, 464–67, 261 N.Y.S.2d 8, 24–27 (1965). The precise nature of McKiernan's business in New York prior to the merger with Litton is not clear. What little information the record contains suggests that it dealt primarily in industrial and salvage equipment, such as pile drivers. By the time of plaintiff's injury, however, McKiernan was not engaged in any business in New York. Nor would it seem that the activities surrounding McKiernan's ordinary civilian business can constitute a basis for jurisdiction on a claim arising from military business performed wholly without the state. Plaintiff has not shown any activities or similar transactions in New

York sufficient to support jurisdiction on his present claim under § 302(a) (1).

The only remaining possibility of jurisdiction rests on defendant's performance within New York of meaningful activities in connection with the arresting engine claimed to have caused the injuries. See Liquid Carriers Corp. v. American Marine Corp., 375 F.2d 951 (2d Cir. 1967); Longine-Wittnauer Co. v. Barnes & Reinecke, Inc., 15 N.Y.2d 443, 455–458, 261 N.Y.S.2d 8, 17–19 (1965). The record does not show, however, any act by defendant in New York with relation to the engine. In their depositions, defendant's officers vigorously denied that they had inspected, installed or maintained the arresting engine while the Constellation was being built in Brooklyn Navy Yard. Their testimony was that once the engine had left the defendant's New Jersey plant they had no further contact with it. Again nothing has been shown to the contrary. It does not appear that the contract was negotiated in New York, or that the engine was shipped by defendants into this state.

On the record before me, I conclude that plaintiff has not established personal jurisdiction over the McKiernan defendants. The services of process heretofore made on them will be quashed. In view of my disposal of the jurisdictional motion, I need not pass on defendants' claim of improper venue. Nor need I decide defendants' motion to dismiss as to McKiernan-Terry (New Jersey) based on its change of name to M. T. Liquidation.

■■ Finally, a few comments should be made upon the resulting posture of this case. My decision on this motion does not divorce the McKiernan defendants from this action, as they so strenuously argue. Litton Industries has filed a third-party complaint and thus impleaded the McKiernan defendants pursuant to Rule 14, F.R.C.P.[2] Service of

the third-party complaint was effected in New Jersey pursuant to the 100 mile provision of Rule 4(f). The claim of the McKiernan defendants that such service is subject to constitutional objection in a diversity case is foreclosed by decisions upholding nationwide service in interpleader actions, which are also based on diversity. E. g., State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967); see also Mississippi Pub. Corp. v. Murphee, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946); Monsieur Henri Wines, Ltd. v. S.S. Covadonga, 222 F.Supp. 139 (D.N.J. 1962).

The McKiernan defendants have also raised the issue of the possible applicability of New York's door-closing statute, Bus.Corp.Law § 1314(b), to bar impleader by Litton defendants. Federal courts in diversity actions were formerly required to apply such statutes in the same situations where a state court would apply them. E. g., Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949). Whether this feature of the *Erie* doctrine has survived recent transformations is open to some doubt. See Szantay v. Beech Aircraft Corp., 349 F.2d 60 (4th Cir. 1965); Comment, 66 Colum.L.Rev. 377 (1966). More pertinently, however, there is no evidence that New York would apply its statute in an impleader situation. The growing need for federal jurisdiction over multistate litigations militates strongly against application of door-closing statutes in the circumstances of this lawsuit, even though the substantive issue may be governed by state law. Compare Arrowsmith v. United Press Int'l, 320 F.2d 219, 227 (2d Cir. 1963) (en banc); B. Kaplan, Amendments of the Federal Rules of Civil Procedure, 1961–1963(I), 77 Harv.L.Rev. 601, 629–35 (1964).

These comments are not intended to be dispositive of the issues not now raised by the McKiernan motions before me

---

2. Litton Systems, Inc. cross-claimed against the McKiernan defendants in their answer. Its counsel have indicated that if this motion is granted, they will file a third-party complaint and implead the McKiernan defendants pursuant to Rule 14, F.R.C.P.

but merely to indicate the very limited practical effect of my ruling granting such motions. The McKiernan defendants are still parties to this action through their impleader by Litton Industries and are quite likely to remain so, at the very least as third-party defendants, and quite possibly on a complaint by plaintiff against them in that capacity. It might well be sensible for the McKiernan defendants to consider consenting to jurisdiction here in order for this litigation to be resolved as to all the concerned parties in a single forum.

The motion of the McKiernan defendants to dismiss for want of personal jurisdiction is granted.

It is so ordered.