JOSEPH KARASZEWSKI, JR., Plaintiff, v HONDA MOTOR COMPANY, LTD., et al., Defendants.

Supreme Court, Onondaga County, January 25, 1989

### APPEARANCES OF COUNSEL

*Nixon, Hargrave, Devans & Doyle* for Honda Motor Company, Ltd., defendant. *Robert H. Lawler, P. C.,* for plaintiff. *Sugarman, Wallace, Manheim & Schoenwald* for J. C. Smith Contractors and Industrial Center, Inc., defendant.

### OPINION OF THE COURT

LEO F. HAYES, J.

Defendant, Honda Motor Co., Ltd. (hereinafter referred to as Honda) has moved to dismiss plaintiff's complaint, based upon

the provisions of CPLR 3211 (a) (1), (2), (5), (7), (8); CPLR 3211 (c); and CPLR 318. However, in reviewing the moving papers, it is apparent that the essence of defendant's motion is that the court lacks personal jurisdiction over the defendant Honda.

This action is one to recover for personal injuries allegedly sustained in an accident occurring on October 14, 1985. Plaintiff's complaint asserts that plaintiff purchased the instrumentality in issue, a gasoline-powered Honda generator, in February 1985. Plaintiff contends that the generator was defectively designed and constructed and had inadequate warnings to protect plaintiff from the injuries sustained.

It is undisputed that plaintiff effected service upon the New York State Secretary of State on October 7, 1988. The Secretary of State thereafter apparently forwarded the summons and complaint to Honda's designated agent, Rogers & Wells.

Defendant acknowledges that it had been a foreign corporation authorized to do business in New York but asserts that on April 25, 1985, it surrendered its authority to do business in the State of New York by filing a certificate of surrender of authority with the Secretary of State.

Honda claims that, as a result, the power of the Secretary of State to accept service was limited to service of process up to April 25, 1985. Honda argues that service pursuant to the requirements of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361) (hereinafter referred to as the Hague Convention) was not effectuated by the plaintiff, and that the Hague Convention is the exclusive avenue for service upon a foreign corporation, subsequent to April 25, 1985.

This court is of the opinion that service was properly effectuated upon Honda for the reasons, and subject to the limitations, set forth below. Therefore, defendant's motion to dismiss the complaint is denied.

In its certificate of surrender of authority, executed in accordance with the statutory requirements of Business Corporation Law § 1310, Honda certified that: "The Corporation [Honda] consents that process against the Corporation in any action or special proceeding based upon any liability or obligation incurred by it within the State of New York before the filing of this certificate of surrender may be served on the Secretary of State of the State of New York after the filing hereof in the manner set forth in Paragraph (6) of Section 306 of the Business Corporation Law."

Defendant Honda argues that the Hague Convention is "the supreme law of the land". *(Aspinall's Club v Aryeh,* 86 AD2d 428, 433 [2d Dept 1982], *appeal withdrawn* 57 NY2d 682.) The court notes, however, that the Convention's applicability is bounded by the scope of its provisions. By the very language of the Convention, it is inapplicable to the situation at hand. Article 1 of the Hague Convention provides that: "The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad."

There is *not* "occasion to transmit a * * * document for service abroad." Honda willingly and voluntarily availed itself of the opportunity to do business in New York. It knowingly subjected itself to the laws of New York, and in surrendering the right to do business, it still agreed to subject itself to service pursuant to New York law for liabilities arising prior to its surrender of authority. The only remaining issue for this court to determine is whether the "liability" was incurred prior to the filing of the certificate of surrender. The certificate was filed on April 25, 1985, and the generator was put into the stream of commerce by defendant prior to the surrender and was purchased in February 1985, even though the accident in issue did not occur until October 14, 1985.

The Appellate Division, Fourth Department, was faced with a similar factual scenario in *Munn v Security Controls* (23 AD2d 813 [4th Dept 1965]). The court held that: "We agree, however, with the conclusion of Special Term that the court acquired personal jurisdiction of appellant. While the latter in June, 1958 executed a surrender of its authority to do business in this State (General Corporation Law, § 216), it thereafter, by the provision of subdivision 2 of the same section, continued to be amenable to process 'in an action upon any liability or obligation incurred within this state before the filing of such certificate'. We do not attempt to pass upon all facets of the remaining cause of action for negligence but it is alleged in the amended pleading that appellant was negligent in the design, construction and installation of the safety control system. This occurred before the date of appellant's surrender of authority to do business in this State. The fact that the injury to plaintiff postdated such surrender is not determinative." *(Munn v Security Controls, supra,* at 814.)

I am of the opinion, in light of the reasoning, and within the limitations set by the Fourth Department in *Munn v*

*Security Controls (supra),* that plaintiff has obtained jurisdiction over the defendant for any liability incurred prior to April 25, 1985. Insofar as any liabilities or obligations incurred by Honda subsequent to the filing of the certificate, the plaintiff is bound by the provisions of the Hague Convention and clearly has not effectuated service pursuant to the Convention.