Paramount Leasehold, L.P. v 43rd St. Deli (2019 NY Slip Op 04342)





Paramount Leasehold, L.P. v 43rd St. Deli


2019 NY Slip Op 04342


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Friedman, J.P., Richter, Tom, Gesmer, Moulton, JJ.


9620 653668/11

[*1]Paramount Leasehold, L.P., Plaintiff-Respondent,
v
43rd Street Deli, Inc. doing business as Bella Vita Pizzeria, Defendant-Appellant.


Camarinos Law Group, LLC, New York (Michael D. Camarinos of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Norman Flitt of counsel), for respondent.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered June 19, 2018, which granted plaintiff's motion to set a hearing date to determine the amount of its reasonable attorneys' fees, costs, and disbursements, and denied defendant's cross motion to bar plaintiff's application for attorneys' fees, unanimously affirmed, without costs.
Plaintiff established its entitlement to attorneys' fees under the parties' lease agreement by proving that defendant breached the percentage rent clause (see Paramount Leasehold, L.P. v 43rd St. Deli, Inc., 136 AD3d 563 [1st Dept 2016], lv dismissed in part, denied in part 28 NY3d 1024 [2016]) and that it, plaintiff, was thus the prevailing party in this dispute (see Graham Ct. Owner's Corp. v Taylor, 115 AD3d 50, 55 [1st Dept 2014], affd 24 NY3d 742 [2015]; Cier Indus. Co. v Hessen, 136 AD2d 145, 149 [1st Dept 1988]).
Plaintiff did not waive its right to attorneys' fees by postponing its application therefor until after the merits determination (see Monacelli v Farrington, 240 AD2d 296 [1st Dept 1997]; Grand Concourse Estates LLC v Ture, 63 Misc 3d 139[A], 2019 NY Slip Op 50564[U] [App Term, 1st Dept 2019]; 101 Maiden Lane Realty Co., LLC v Ho, 2002 NY Slip Op 50499[U] [App Term, 1st Dept 2002]). Even a landlord's acceptance of a tenant's payment in satisfaction of a money judgment for rent "does not equate with an accord and satisfaction on the issue of attorneys' fees" (see Snake River Development, L.L.C. v Andrew K & Associates, Inc., 2003 NY Slip Op 51450[U] [App Term, 1st Dept 2003]), citing, inter alia 815 Park Ave. Owners Inc. v Metzyer, 250 AD2d 471 [1st Dept 1998]). Nor did plaintiff delay impermissibly in seeking attorneys' fees.
Defendant's reliance on Jay's Stores, Inc. v Ann Lewis Shops (15 NY2d 141, 147 [1965]) and Hellstern v Hellstern (279 NY 327, 333 [1938]) in support of its theory of res judicata is misplaced. Those cases, and the policy that underlies them, have no application here, where there is no risk of re-litigation of the same issue and no possibility of inconsistent judgments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK